UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RABIN, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No.  22-cv-04547-PCP<br><br>**ORDER RE: DISCOVERY LETTER**<br>Re: Dkt. No. 73 |

The parties are unable to agree on the type of protective order that should be entered in this case and have asked the Court to resolve their dispute. For the reasons that follow, the Court will enter the Plaintiffs' proposed protective order, which is based on the model for standard cases.

The Northern District offers several model protective orders, and this Court's Standing Order encourages parties requesting a protective order to base their proposals on these models. For "patent cases," the Northern District provides a "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets." For "standard cases," it provides a model "Stipulated Protective Order for Standard Litigation." Except for patent cases (which this case is not), "the Local Rules do not require the parties to use any of the model protective orders and counsel may stipulate to or move for another form of protective order." *Model Protective Orders*, cand.uscourts.gov/forms/model-protective-orders.

Here, Plaintiffs propose to use a modified version of the model order for standard cases; Google proposes to use a modified version of the model order for patent cases. *See* Dkt. No. 73. The key difference is that the latter order imposes a two-tiered classification system that would allow Google to designate information as either "confidential" or "highly confidential – attorneys' eyes only" and thereby subject some of its discovery productions to additional protections.

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery, including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Here, because Google seeks to impose greater restrictions, it bears the burden of showing prejudice or harm that will result if the less restrictive standard order, as modified by Plaintiffs, is imposed. *See MasterObjects Inc. v. Google Inc.*, No. C 11-01054 LB, 2012 WL 2958227, at *2 (N.D. Cal. July 19, 2012).

Google has not met its burden. Its statement in support of its request for the more restrictive protective order is couched in speculation. Google writes in the joint discovery letter that "discovery may require Google to produce competitively sensitive information"; that it seeks "to adequately protect itself in the litigation, should the need arise"; and that requested categories of information "present, at least the possibility, that Google will need 'highly confidential' protection for responsive documents and information." This is not the kind of showing of specific harm or prejudice that is required to warrant imposing additional restrictions on discovery.

Google also argues its proposed more restrictive order would not prejudice the Plaintiffs. But this gets the burden backwards. It is not enough that proposed restrictions will not prejudice Plaintiffs. And it is not enough that proposed restrictions are not "unreasonable or unusual," or that they may have been imposed in other cases. It is *Google* that must specifically show that it will be prejudiced or harmed in *this* particular case if its proposed restrictions are *not* adopted. This Google has not done.

The Court is also keenly aware of the tendency for parties to litigation to over-designate material as "confidential" or "highly confidential" pursuant to the terms of such protective orders. This practice imposes substantial burdens on the other parties, who must implement complicated

internal mechanisms for managing materials produced in discovery, sharing documents (including draft pleadings) with clients, and filing documents with the Court. The practice also burdens the Court, which must resolve disputes between the parties about the proper designation of particular discovery responses and address motions to seal that are premised upon such over-designations. In the absence of a strong showing of necessity, the Court is reluctant to impose any protective order that increases the risk of such over-designation.

Plaintiffs have proposed to use (with some modifications) the Northern District's model "Stipulated Protective Order for Standard Litigation"—an order that, as its name suggests, is deemed to be presumptively reasonable in most cases. Because Google has not met its burden of demonstrating that it will be harmed or prejudiced if the standard and presumptively reasonable protective order is adopted in this case, the Court accepts Plaintiffs' proposal. Plaintiffs are directed to update their proposed order to resolve the tracked changes and remove the "stipulation" designation and to then file a revised copy on ECF within seven days of this order. The order will then be entered as the protective order for this case.

As Google's statement recognizes, it is possible this case might proceed without Google ever being asked to produce any information it deems to be highly confidential. Should the need arise, however, Google remains free to move under Rule 26 for a specific protective order protecting particular information for which good cause can be demonstrated.

**IT IS SO ORDERED.**

Dated: November 20, 2023

P. Casey Pitts
United States District Judge