1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7        STEVE RABIN, et al.,                          Case No.  22-cv-04547-PCP

8                        Plaintiffs,
                                                       **ORDER ON MOTION TO DISMISS**
9                v.
                                                       Re: Dkt. No. 63
10       GOOGLE LLC,

11                       Defendant.

12

13           In this putative consumer class action, plaintiffs allege that Google lured them into using

14      its suite of business productivity tools by promising free access for as long as the tools were

15      available but broke this promise when it began charging them for the tools after plaintiffs had used

16      them for years. The Court previously dismissed plaintiffs' first amended complaint with leave to

17      amend the breach of contract, unjust enrichment, and California Unfair Competition Law claims.

18      Plaintiffs then filed a second amended complaint, which Google has again moved to dismissed.

19           The Court assumes familiarity with the previous order, Dkt. No. 54, 2023 WL 4053804,

20      and applies the same standard in resolving Google's motion to dismiss under Rule 12(b)(6). There

21      are three claims in the latest complaint: (1) breach of contract, (2) breach of the implied covenant

22      of good faith and fair dealing, and (3) violations of the California Unfair Competition Law. The

23      Court previously dismissed the second claim without leave to amend, so that claim, which

24      plaintiffs reallege solely to preserve it for appeal, will again be dismissed. For the reasons that

25      follow, Google's motion to dismiss the two remaining claims is denied.

26           **Breach of Contract**

27           Plaintiffs' first claim is for breach of contract. The Court previously rejected Google's

28      arguments that the 2009 and 2012 agreements expressly permitted Google's alleged conduct, that

United States District Court
Northern District of California

1      plaintiffs had entered a new agreement with Google that acted as a novation, and that plaintiffs

2      have no viable legal remedy. *See* Order, Dkt. No. 54, at 5, 2023 WL 4053804, at *4. The only

3      issues identified by the Court with plaintiffs' contract claim as initially pleaded were with respect

4      to damages and remedies. The Court concluded, based on the facts pleaded, that the voluntary

5      payment rule, which generally bars recovery of payments voluntarily made with full knowledge of

6      the relevant facts, precluded plaintiffs from recovering for Google's purported breach of contract.

7      *See* Order at 10–12, 2023 WL 4053804, at *7–8. Plaintiffs have now added additional factual

8      allegations (including the addition of another named plaintiff) to show that the payments they

9      made to Google to "upgrade" their accounts were involuntarily.

10            Google argues that damages for plaintiffs' contract claim are barred because "payments

11     voluntarily made, with knowledge of the facts, cannot be recovered." Motion, Dkt. No. 63, at 12–

12     13 (quoting *Steinman v. Malamed*, 185 Cal. App. 4th 1550, 1557 (2010)). As plaintiffs point out,

13     and Google recognizes, the voluntary payments rule is an affirmative defense. *See* Opposition,

14     Dkt. No. 68, at 13; Motion at 12. "Ordinarily affirmative defenses may not be raised by motion to

15     dismiss, but this is not true when … the defense raises no disputed issues of fact." *Scott v.*

16     *Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (cleaned up); *see also* Fed. R. Civ. P. 12(b). The

17     Court previously concluded that the facts pleaded in the first amended complaint established that

18     the voluntary damages defense applied to plaintiffs' claim seeking to recover their payments to

19     Google. *See* Order at 12, 2023 WL 4053804, at *8. Plaintiffs have now added new allegations to

20     their complaint to show that plaintiffs and class members who paid Google did so involuntarily

21     and under duress. *See* Compl. ¶ 151. Specifically, they allege that the threat of account suspension

22     and accompanying loss of emails and documents would have been "unacceptable" and that

23     plaintiffs were therefore placed in an "impossible" situation, especially since any alternatives to

24     paying Google for services would have also required payment. *See id.*

25            These allegations are sufficient to establish that there are disputed facts that will affect

26     whether Google can establish that the voluntary payment affirmative defense applies to plaintiffs'

27     contract claim. The burden to establish that defense is on Google. Plaintiffs do not need to plead

28     facts that would *prove* (or even plausibly suggest) that Google's affirmative defense does not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    apply; they simply need to plead facts demonstrating a potential factual dispute that could affect

2    whether the defense applies. "Only when the plaintiff pleads itself out of court—that is, admits all

3    the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be

4    dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 (9th Cir.

5    2018); *cf. Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012) ("[B]ecause complaints need

6    not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1).… A

7    plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court,

8    and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same

9    thing as a dismissal under Rule 12(b)(6), and opinions … often use the two interchangeably. But

10   in principle a complaint that alleges an impenetrable defense to what would otherwise be a good

11   claim should be dismissed (on proper motion) under Rule 12(c), not Rule 12(b)(6). After all, the

12   defendants may waive or forfeit their defense, and then the case should proceed.").

13          Here, Google has not shown that the facts alleged in plaintiffs' amended complaint

14   "admit[] all the ingredients of an impenetrable defense" and that there can be no factual dispute

15   over whether the defense will apply. Google's motion to dismiss the contract claim based on the

16   voluntary payment defense is therefore denied.

17          There is also a broader problem with Google's voluntary-payment argument. The

18   voluntary payment doctrine limits recovery rather than culpability. It does not defeat a breach of

19   contract claim but instead merely limits the damages a plaintiff can obtain. At the motion to

20   dismiss stage, if there is no factual dispute that the defense applies and the defense bars the only

21   form of recovery the plaintiff seeks, then the entire claim may of course be dismissed. But that is

22   not the case here. Plaintiffs' breach of contract cause of action does not arise from their payment

23   to Google, but instead from Google's alleged breach of its agreement to continue providing

24   services for free, which occurred before. *Cf. Am. Oil Serv. v. Hope Oil Co.*, 194 Cal. App. 2d 581,

25   586 (1961) ("[A] payment voluntarily made with knowledge of the facts affords no ground for an

26   action to recover it back."). While that alleged breach may be the reason that plaintiffs ultimately

27   made payments to Google, those payments were only one of the ways that plaintiffs were harmed,

28   and recovering those payments is only one form of remedy plaintiffs might seek for the alleged

1   breach. So even if Google can prove that plaintiffs did pay for its services voluntarily and with full

2   knowledge of the relevant facts, the voluntary payment defense would only bar plaintiffs' direct

3   recovery of those specific payments. Plaintiffs would not be barred from seeking other forms of

4   relief for the underlying breach. Indeed, the Court has already concluded that plaintiffs have

5   plausibly alleged an entitlement to specific performance. *See* Order at 15–17, 2023 WL 4053804

6   at *8–10. The voluntary payment defense does not apply to specific performance, because that

7   remedy does not involve any return of past payments.

8          Because plaintiffs have adequately pleaded a breach of contract claim and an entitlement to

9   at least one contractual remedy, and because Google has not established the absence of any factual

10  dispute as to the applicability of the voluntary payment defense to plaintiffs' claim for contractual

11  damages, Google's motion to dismiss plaintiffs' breach of contract claim is denied.

12         **UCL**

13         Plaintiffs also claim that Google's alleged conduct violated both the "unfair" and

14  "unlawful" prongs of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code

15  § 17200 *et seq*. Compl. ¶ 167. In its previous order, the Court concluded that plaintiffs had

16  plausibly alleged a violation of the unfair prong, but that they had not plausibly alleged a violation

17  of the unlawful prong because they had not adequately alleged a predicate violation. Order at 24–

18  26, 2023 WL 4053804, at *15–16. As the Court noted, both of the alleged predicates were claims

19  that the Court dismissed, including the breach of contract claim. *Id.* The Court also concluded that

20  plaintiffs had failed to allege that they lacked an adequate remedy at law, which separately

21  required dismissal of their UCL claim. Order at 22–24, 2023 WL 4053804, at *14–15.

22         A plaintiff "must establish that she lacks an adequate remedy at law before securing

23  equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*,

24  971 F.3d 834, 844 (9th Cir. 2020). But "*Sonner* … has minimal application at the pleading stage."

25  *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023). At the pleading

26  stage, after all, a plaintiff is not yet actually "securing" equitable restitution—or any other remedy.

27  Thus at this stage, "a plaintiff 'need not explain in great detail why her legal remedies are

28  insufficient; an allegation to that effect is generally enough.'" *In Re Meta Pixel Tax Filing Cases*,

United States District Court
Northern District of California

4

--- F.Supp.3d ----, 2024 WL 1251350, at *23 (N.D. Cal. 2024) (quoting *Weizman v. Talkspace, Inc.*, --- F. Supp. 3d ----, 2023 WL 8461173, at *4 & n.3 (N.D. Cal. 2023)). In the second amended complaint, plaintiffs now seek equitable and restitutionary remedies that they assert go beyond the relief that damages or specific performance could provide. They have not only specifically alleged that they lack adequate legal remedies, but have also pleaded facts supporting this conclusion and explained theories of restitutionary and equitable relief that go beyond the remedies available for the contract claim. This is sufficient to establish the Court's equitable jurisdiction over their UCL claims under *Sonner*.

Of course, the limits on federal courts' equitable jurisdiction impose an ongoing constraint. If it becomes clear, after liability is determined and injuries are quantified, that legal remedies will in fact be adequate, plaintiffs will not be entitled to equitable or restitutionary remedies on their UCL claim. At this stage, however, plaintiffs have sufficiently alleged that they may be entitled to equitable relief.

The Court previously concluded that, aside from the lack-of-legal-remedy shortcoming, plaintiffs had adequately pleaded a violation of the unfair prong. This claim is therefore now adequately pleaded. Google again argues that the claim under the unlawful prong should be dismissed for failure to plead a predicate violation. But while plaintiffs previously failed to adequately state a breach of contract claim, they have now done so for the reasons explained above. This breach of contract claim supports their claim under the UCL's unlawful prong. Google's motion to dismiss the UCL claim is therefore denied.

* * *

For the foregoing reasons, Google's motion to dismiss is granted as to the breach of implied covenant of good faith and fair dealing claim but denied as to the breach of contract and UCL claims.

**IT IS SO ORDERED.**

Dated: March 26, 2024

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

5