May 22, 2024

VIA ECF

Magistrate Judge Nathanael Cousins
United States District Court, Northern District of California
280 South First Street
San Jose, CA 95113

Re: *Rabin, CPA, et al. v. Google, LLC*, Case No. 5:22-cv-4547-PCP

Dear Judge Cousins,

    Pursuant to the Court's instructions at the March 15, 2024 hearing in the above-referenced case (Dkt. 95), the parties respectfully submit this joint update regarding the joint discovery letter filed on April 19, 2024 (Dkt. 92).

    The Parties have reached an agreement regarding this issue, pursuant to the below terms (under "Stipulated Resolution"). The parties greatly appreciate the Court's time and attention to this matter.

*Stipulated Resolution*

- Google will produce data requested from a sample of 150 class member accounts, 50 from the list of accounts who did not sign up for paid Workspace following the transition,[1] and 100 from the list of accounts who did sign up for paid Workspace following the transition.
- Which accounts are sampled will be selected by Plaintiffs. Within seven (7) days of execution of this stipulation, Google will provide Plaintiffs with: (a) the total number of putative class member accounts that signed up for paid Workspace following the transition; and (b) based on Google's best efforts to identify such accounts, the total number of putative class member accounts that did not sign up for paid Workspace following the transition and who are not "opt outs" (opt-outs are not putative class members). To ensure random selection, Google will sequence the accounts into two full lists *before* receipt of Plaintiffs' 150 selections, Google will use the "Randomize Range" function[2] in Google Sheets to sort each dataset into a randomized list and then will preserve each list in identical form should later confirmatory discovery become necessary.
- Within seven (7) days of receipt of the above figures, Plaintiffs will then give Google lists of 100 numbers (signed up for paid) and 50 numbers (did not sign up for paid) between 1 and however long each list is (e.g. #45, #832, #920, etc.) and Google will pull the agreed data associated with those accounts for the sample.

---

[1] "Transition" is Google's terminology.
[2] Google shall run this function one time each for each of the two datasets.

1

- Google agrees not to rely on its non-production of the complete dataset requested by RFP 22 as an argument against class certification.
- Google agrees that by consenting to sampling Plaintiffs do not waive their right to seek additional data after they receive the sample, including but not limited to further sample data; Google makes no promises about the availability of data not sampled, and there is no restriction on Plaintiffs' or Google's ability to argue about the availability of class data based on the sample, nor is there any restriction on Plaintiffs arguing any absence of data in the sample is not representative of what would generally be found in the full class data set had Google produced the full data set..
- Google agrees to produce the sample data described herein within forty (40) days of receiving Plaintiffs' list of 150 selections.
- With respect to the sampled data, per the Parties' previous discussions, Google will provide data as follows, with respect to each subsection of Plaintiffs' RFP 22, to the extent it exists in Google's records and can be located after a reasonably diligent search: either redacted data or a Y or N (yes or no) value indicating that data either does or does not exist for (a)-(d), number of end user accounts for (e), and the full data requested under (f)-(j). With respect to (f), Google shall provide the date that the account first signed up for the free service.
- In the event of an order granting class certification, the Parties agree to meet and confer within one week of the order to determine what unredacted data requested by RFP 22 Google will provide for the members of the certified class, to the extent such exists in Google's records, and to raise any disagreements about same with the Court within two weeks after an order granting class certification or as otherwise reasonably stipulated by the Parties who will discuss in good faith any scheduling issues presented by the timing. With respect to the timing of such production, to ensure that Plaintiffs' experts have sufficient time to review and analyze the class data received from Google in advance of the expert disclosure deadline, the parties will stipulate and request that the Court extend the existing trial expert deadlines by thirty (30) days. Assuming that request is granted, Google will produce the class data as set forth in this bullet point by no later than sixty (60) days after the class certification ruling. If the parties' request to modify the expert deadlines is not granted and the class certification ruling is not issued in time for Plaintiffs to receive the data 60 days before their expert report is due under the schedule at the time certification is granted, Google agrees to cooperate in good faith, such that Plaintiffs' experts will have sufficient time to review and analyze the class data received from Google in advance of the expert disclosure deadline.
- Google does not agree to extend the fact discovery deadline or the current period of time allotted for post-certification class discovery at this time.

Respectfully submitted,

| COOLEY LLP | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
|---|---|
| By: */s/ Kristine Forderer* | By: */s/ Roger N. Heller* |

2

Whitty Somvichian (194463)
(wsomvichian@cooley.com)
Kristine Forderer (278745)
(kforderer@cooley.com)
Sharon Song (313535)
(ssong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Christopher M. Andrews
(*admitted pro hac vice*)
(candrews@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6862
Facsimile: (212) 479-6275

*Attorneys for Defendant*
*Google LLC*

Roger N. Heller (215348)
rheller@lchb.com
Annie M. Wanless (339635)
awanless@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415.956.1000
Fax:  415.956.1008

Daniel E. Seltz (admitted pro hac vice)
dseltz@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Fax:  212.355.9592

E. Adam Webb (admitted pro hac vice)
Adam@WebbLLC.com
G. Franklin Lemond, Jr. (admitted
pro hac vice)
Franklin@WebbLLC.com
WEBB, KLASE & LEMOND, LLC
1900 The Exchange S.E., Suite 480
Atlanta, GA 30339
Telephone: 770.444.0773
Fax:  770.217.9950

*Attorneys for Plaintiffs*

4

## ECF CERTIFICATION

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated:  May 22, 2024          */s/     Roger N. Heller*

            Roger N. Heller

2986943.1