**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Roger N. Heller (State Bar No. 215348)
rheller@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Fax: 415.956.1008

**WEBB, KLASE & LEMOND, LLC**
E. Adam Webb (*admitted pro hac vice*)
Adam@WebbLLC.com
G. Franklin Lemond, Jr. (*admitted pro hac vice*)
Franklin@WebbLLC.com
1900 The Exchange S.E., Suite 480
Atlanta, GA 30339
Telephone: 770.444.0773
Fax: 770.217.9950

*Attorneys for Plaintiffs and the Proposed Class*

**COOLEY LLP**
Whitty Somvichian (194463)
(wsomvichian@cooley.com)
Kristine Forderer (278745)
(kforderer@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Christopher M. Andrews
(*admitted pro hac vice*)
(candrews@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6862
Facsimile: (212) 479-6275

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| STEVE RABIN, CPA, IAN GRAVES, and ML SOLUTIONS, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:22-cv-4547-PCP<br><br>**JOINT DISCOVERY STATUS REPORT**<br><br>Judge P. Casey Pitts<br><br>Magistrate Judge Nathanael M. Cousins |

Pursuant to Magistrate Judge Cousins' Order of October 15, 2024, and in advance of the upcoming October 23, 2024 Discovery Hearing (*see* Dkt. 117) and October 24, 2024 Status Conference (*see* Dkt. 118), Plaintiffs Steve Rabin, CPA, Ian Graves, and ML Solutions, LLC, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant Google LLC ("Google") hereby submit the following Joint Discovery Status Report.

### 1. Production of Documents

#### a. Plaintiffs' Statement.

Google has produced approximately 4,500 documents to date in this case. Most of those documents (approximately 3,000 custodial documents) were produced on October 14, 2024, after Plaintiffs filed their Administrative Motion for a Status Conference (Dkt. 114). Unfulfilled forecasts by Google of rolling productions and a lack of a commitment to a date certain for completing its production (for the custodians and search terms agreed to thus far), together with the fact that Plaintiffs are scheduled to depose Google pursuant to Rule 30(b)(6) (and also depose one of the custodians, Angus Logan, in his personal capacity), on October 29-30, 2024, had been one reason, though not the only reason, for Plaintiffs' Administrative Motion. Google has indicated that its October 14, 2024 document production completes its production for those custodians/search terms. While Plaintiffs are working diligently to review and analyze the recent production, the timing of this production may necessitate leaving the deposition open. Google has elected to go forward rather than reschedule the deposition, reserving its rights to later oppose re-opening the deposition.

Plaintiffs expect that additional custodians and search terms will need to be added as discovery proceeds. Other than Plaintiffs' outstanding request to add Google's Sundar Pichai as a custodian (*see* Dkt. 112), there are no disputes pending regarding custodians at this time.

Plaintiffs have produced a set of documents in response to Google's requests for production, and are in the process of preparing a supplemental production following meet and confer with Google about the intended scope of some of Google's document requests. Plaintiffs have committed to making their supplemental production by October 31, 2024.

1            **b.     Google's Statement.**

2    Google's productions in this case have been timely and adequate.  Google completed its
3    production well in advance of the upcoming Rule 30(b)(6) deposition, and Plaintiffs' insinuation
4    that the timing had anything to do with Plaintiffs' administrative motion belies the weeks of
5    negotiating search terms and meeting and conferring the parties did prior to Google's production.
6    Plaintiffs are looking for an excuse to leave the deposition open, to gain leverage over Google
7    before they have even taken the deposition.

8    Plaintiffs complain about the timing of Google's production, but Plaintiffs initially delayed
9    for months responding to Google's proposal on search terms.  Google made an initial production
10   over the summer with the originally proposed custodians and then Plaintiffs requested to add
11   additional custodians and additional search terms.  Google negotiated with Plaintiffs in good faith,
12   largely agreeing to Plaintiffs' search terms and accepting many of the custodians.  Google then
13   diligently reviewed and produced thousands of documents from nine custodians, resolved
14   scheduling and time limits for Google's upcoming Rule 30(b)(6) deposition, and promptly
15   presented discovery briefing to this Court when the parties reached impasse on certain issues—
16   including issues that this Court resolved entirely in Google's favor.  Based on the parties' agreement
17   to date for Google's Rule 30(b)(6) deposition, Google worked diligently to review and produce
18   thousands of documents on an expedited timeline.  Plaintiffs cannot now suggest undoing the
19   parties' expectations and Google's good faith efforts because they would have preferred more time
20   with Google's production.  Indeed, by contrast, Plaintiffs have yet to produce a single document
21   since their August 7, 2024 production.

22   Google also believes the additional custodians and search terms it has already offered
23   Plaintiffs are sufficient.  Google therefore reserves all rights to object to any additional custodians
24   and search terms that Plaintiffs request as discovery proceeds.

25   Finally, Google agrees that at present the only outstanding dispute on custodians is
26   Plaintiffs' motion for relief from this Court's order denying their request to add Sundar Pichai as a
27   custodian.  *See* ECF No. 112.

28

**2.     Production of Data**

      **a.     Plaintiffs' Statement.**

Google has produced certain sample and named plaintiff account data (*see* Dkt. 96). Currently outstanding, Plaintiffs have requested that Google produce certain supplemental sample and named plaintiff account data that is relevant to Plaintiffs' class certification expert analysis. This supplemental data was requested by Plaintiffs in two sets of requests served on August 31, 2024 and September 18, 2024, respectively. On September 30, 2024, Google served its responses and objections, agreeing to produce data, as available, in response to the first set. On October 18, 2024, Google served its responses and objections, agreeing to produce data, as available, in response to the second set. Google has not yet committed to a schedule for producing supplemental data. Google has implied that it might not be feasible to complete production of this data sufficiently in advance of Plaintiffs' November 21, 2024 class certification expert report deadline, which might necessitate an adjustment to that deadline.

      **b.     Google's Statement.**

Google not only agreed to and months-ago produced data relating to putative class members in the data sample and Plaintiffs, but as Plaintiffs note, is working diligently to respond to Plaintiffs' recent requests for additional data prior to class certification expert report deadlines. Thus, there is no live dispute for the Court to address at this time. Nonetheless, because Plaintiffs suggest they may later request to extend class certification deadlines, Google offers the following context for consideration.

Google produced data in accordance with the parties' agreed-upon resolution of a data sample dispute on July 12, 2024, which it later revised only slightly at Plaintiffs' request. *See* ECF No. 96. Plaintiffs then delayed until August and September to request additional data. Plaintiffs had ample time to request the discovery they now claim to urgently need. Google has agreed to produce certain of this data, but locating it and producing it takes time. Plaintiffs' delay has left Google with only a few weeks to identify, review, and produce detailed information relating to Plaintiffs and one hundred accounts in the sample. Any challenges with timing are of Plaintiffs'

1  own making. Regardless, Google is actively working to produce this data to Plaintiffs and any
2  discussion of extending case deadlines is unwarranted.

3  **3.     Written Discovery Requests**

4    **a.     Plaintiffs' Statement**

5  The parties have served and responded to numerous written discovery requests. Google has
6  provided multiple supplemental responses to Plaintiffs' written discovery requests following meet
7  and confer. Most recently, Google served supplemental responses to five interrogatories on
8  October 18, 2024.

9  Plaintiffs anticipate upcoming meet and confer about Google's responses and objections,
10 served on October 15, 2024, to Plaintiffs' Third Set of Interrogatories, which concern Google's
11 affirmative defenses as pled in its Answer.

12 Plaintiffs have agreed to supplement their responses to certain of Google's written discovery
13 requests, and anticipate doing so by October 31, 2024.

14   **b.     Google's Statement**

15 Google has provided substantive responses to Plaintiffs' interrogatories, negotiated a
16 process for resolving Plaintiffs' requests to supplement its interrogatories, and supplemented its
17 interrogatories multiple times. Google is willing to meet and confer with Plaintiffs regarding its
18 responses and objections to Plaintiffs' Third Set of Interrogatories, which seek responses about
19 issues on which Plaintiffs bear the burden of proof.

20 In addition, Google identified deficiencies with Plaintiffs' interrogatory responses on
21 September 20, 2024, and Plaintiffs have yet to supplement any of their responses or provide a date
22 certain for doing so.

23 **4.     Depositions**

24   **1.     Plaintiffs' Statement**

25 Plaintiffs have deposed one witness to date, former Google employee Clay Bavor. Plaintiffs
26 are scheduled to take the combined deposition of Google (pursuant to Rule 30(b)(6)) and Google
27 employee Angus Logan on October 29-30, 2024 (*see* Dkt. 106). Plaintiffs have also noticed via
28 subpoena the deposition of former Google employee David Girouard. Plaintiffs anticipate taking

1  additional fact witness depositions between November and January, in advance of their motion for
2  class certification (due on February 11, 2025; *see* Dkt. 104), and additional depositions prior to the
3  close of discovery in the event a class is certified.
4  　　　With respect to the upcoming Rule 30(b)(6)/Angus Logan deposition, the parties are
5  meeting and conferring about Google's objections to, and the scope of, certain of the topics.  It is
6  possible there will be a joint dispute letter filed on these issues in the near future.
7  　　　Google plans to depose the three named plaintiffs.  One issue has arisen with respect to
8  these depositions.  For Plaintiff Ian Graves, Plaintiffs have asked, as a courtesy and under applicable
9  standards, that his deposition occur in Wisconsin, where he resides (or be held remotely via Zoom),
10 rather than in the Bay Area.  Traveling to the Bay Area for his deposition would be very burdensome
11 for Mr. Graves.  Mr. Graves has an emotional support animal (ESA) and traveling with his ESA is
12 stressful and difficult for both Mr. Graves and his ESA; traveling without his ESA is stressful to
13 Mr. Graves.  Additionally, as an at-will employee Mr. Graves is concerned about negative
14 consequences if he has to miss multiple days of work.  Moreover, while this case is pending in this
15 District, that factor should receive little weight because Google's form contract includes a
16 mandatory Santa Clara County venue clause (i.e., Plaintiffs did not choose this forum).[1]  *See Varner*
17 *v. Celebration Cruise Line, LLC*, 2016 WL 11501446, at *2 (S.D. Fla. Feb. 11, 2016) ("where as
18 is the case here, the Plaintiffs did not choose the forum and instead were compelled to file suit in
19 Florida pursuant to the terms of a forum selection clause in the contract governing the parties, it is
20 appropriate for the Court to give less weight to the selected forum, and more consideration to facts
21 supporting a more just location."); *Ward v. LeClaire*, 2008 WL 1787753, at *5 (N.D.N.Y. Apr. 17,
22 2008) (rule in favor of plaintiff being deposed where case is filed "wanes when the plaintiff had no
23 choice in selecting the forum to litigate."); 8 Charles Alan Wright & Arthur R. Miller, FEDERAL
24 PRACTICE AND PROCEDURE § 2112 (3d ed.) ("And if plaintiff had no choice of forum to begin
25 with, there seems very little reason to give weight to the selection of the forum as against facts
26

---

27 [1] *See, e.g.,* SAC (Dkt. 56-2, ¶14.10) ("FOR ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE PARTIES CONSENT TO PERSONAL JURISDICTION IN,
28 AND THE EXCLUSIVE VENUE OF, THE COURTS IN SANTA CLARA COUNTY, CALIFORNIA.").

1  indicating that another place for taking the deposition would be more just").

### c. Google's Statement.

Google continues to meet and confer with Plaintiffs in good faith regarding the topics in their Rule 30(b)(6) notice, and the noticed deposition of former Google employee David Girouard. The parties have not yet met and conferred regarding any additional fact witness depositions that Plaintiffs may notice, and Google reserves all rights.

Google intends to depose each Plaintiff between November and December. In this status report, Plaintiffs appear to request that the Court excuse Plaintiff Graves from sitting for a deposition in this district. Google does not believe it is appropriate for Plaintiffs to raise this issue here and avoid the Court's normal dispute resolution process, which has been effective in adequately presenting the parties' arguments and full scope of disputes to this Court.

Nonetheless, because Plaintiffs preview their objection, Google states the following points for the Court's consideration. Plaintiff Graves should be required to sit for his deposition in this district because he cannot show that traveling here would impose hardship. As Plaintiffs acknowledge, "the general rule is that plaintiffs are required to make themselves available for examination in the district in which they bring suit." *See, e.g.*, *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331 (11th Cir. 2020); *Irwin v. Mascott*, 2000 WL 35890723, at *4 (N.D. Cal. Aug. 28, 2000) (same). Courts have also recognized that "the rule is not changed by the fact that [a plaintiff] may have selected it by necessity." *McDonald v. Southworth*, 2008 WL 2705557, at *6 (S.D. Ind. July 10, 2008) (requiring plaintiffs to travel to the forum district for a medical examination because "plaintiffs, having embarked upon . . . litigation, should [. . .] assume all the incidents thereof which the law contemplate"). Plaintiffs who resist sitting for a deposition in the location where they have filed suit bear the burden of showing good cause for changing the deposition location. *Wei Su v. Sotheby's, Inc.*, 2019 WL 4053917, at *1 (S.D.N.Y. Aug. 28, 2019).

Here, Plaintiffs cite no case law showing that their proffered reasons, such as vague difficulty traveling with or leaving an emotional support animal or "negative consequences" from missing only a couple of days of work, warrant a departure from the general rule or amount to good cause. As a result, Plaintiff Graves should appear for his deposition in this district.

**5.     Case Schedule**

  **a.     Plaintiffs' Statement.**

The current case schedule is set forth in Dkt. 104. Pursuant to that schedule, Plaintiffs' class certification expert reports are due to be served on November 21, 2024. In the event Google is not able to provide the supplemental sample and named plaintiff data, discussed above, sufficiently in advance of the November 21, 2024 deadline, it is possible that date may need to be adjusted. Plaintiffs are hopeful that will not be necessary, or that at the least any adjustment would be modest and not affect any of the other dates set forth in Dkt. 104.

  **b.     Google's Statement.**

Google reserves the right to object to any modifications to the case schedule. As Google stated above, Google believes Plaintiffs' belated service of document requests relating to a supplemental sample and named plaintiff data does not warrant any adjustment to the case schedule.

Dated: October 22, 2024   Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By: _____
  Roger N. Heller

  Roger N. Heller (State Bar No. 215348)
  rheller@lchb.com
  Annie M. Wanless (State Bar No. 339635)
  awanless@lchb.com
  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
  275 Battery Street, 29th Floor
  San Francisco, CA 94111
  Telephone: 415.956.1000
  Fax: 415.956.1008

  Daniel E. Seltz (admitted pro hac vice)
  dseltz@lchb.com
  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
  250 Hudson Street, 8th Floor
  New York, NY 10013-1413
  Telephone: 212.355.9500
  Fax: 212.355.9592

E. Adam Webb (admitted pro hac vice)
Adam@WebbLLC.com
G. Franklin Lemond, Jr. (admitted pro hac vice)
Franklin@WebbLLC.com
WEBB, KLASE & LEMOND, LLC
1900 The Exchange S.E., Suite 480
Atlanta, GA 30339
Telephone: 770.444.0773
Fax:  770.217.9950

*Attorneys for Plaintiffs
and the Proposed Class*

Dated: October 22, 2024        COOLEY LLP

*/s/ Whitty Somvichian*
    Whitty Somvichian

Whitty Somvichian (194463)
(wsomvichian@cooley.com)
Kristine Forderer (278745)
(kforderer@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Christopher M. Andrews
(*admitted pro hac vice*)
(candrews@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6862
Facsimile: (212) 479-6275

*Attorneys for Defendant
Google LLC*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 22, 2024

_____
Daniel E. Seltz