UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Nathanael Cousins, Magistrate Judge

RABIN, CPA, et al.,
Plaintiffs,
vs.
GOOGLE, LLC.,
Defendant.

No. C 22-04547-PCP

San Jose, California
Wednesday, April 2, 2025

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 11:04 - 11:10 and 11:44 - 11:47 = 9 MINUTES

APPEARANCES:

For Plaintiffs:
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street
Suite 2900
San Francisco, California 94111
BY: ROGER HELLER, ESQ.

For Defendant:
Cooley, LLP
3 Embarcadero Center
San Francisco, California 94111
BY: KRISTINE FORDERER, ESQ.

Transcribed by:
Echo Reporting, Inc.
Contracted Court Reporter/ Transcriber
echoreporting@yahoo.com

Wednesday, April 2, 2025 11:04 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: Calling Civil 22-4547, Steven Rabin, CPA, et al. versus Google, LLC.

Counsel, please state your appearances for the record.

MR. HELLER: Good morning, your Honor. Roger Heller for Plaintiffs.

THE COURT: Welcome, Mr. Heller.

MS. FORDERER: Good morning, your Honor. Kristine Forderer from Cooley, LLP, for Defendant Google.

THE COURT: Good morning. Welcome.

All right. We're here on discovery. I did grant the sealing order that went along with the discovery issue. There's a few layers of procedural issues on the discovery issue presented. Let me pause there to see if there's been any expanding or narrowing of the issues before I took the bench.

MR. HELLER: So, I think the status of that is we had agreed as a compromise that we would take annual numbers instead of monthly numbers, and then we also agreed to limit the -- the years that we were asking for this data for, and I think the compromise offered on the other side was basically -- well, let me just say there's sort of numerator data and what we'll call denominator data.

The numerator data are the upgrades numbers, and on that, I think what they've offered, there's sort of two pieces of it, but then there's a -- a caveat. The first piece, the numerator piece, they've said they can break the numbers that they've provided down between U.S. and non-U.S., and I believe they already have that packaged and ready.

The second part, the denominator part, they told us yesterday that they don't have -- they don't have that data from before 2020, that that got -- that, you know, got deleted as part of their regular process but then the process changed in 2020, and, so, they do have numbers starting sometime in 2020 so they could provide annual figures for 2020 and 2021. So, that -- if they provided that -- and -- and I will say there is sort of the -- we would want to have the total and the U.S. -- the actual U.S. portion of that. Assuming they were going to do that, that would be basically agreeing to give us what -- what we've asked for at least in the -- our compromised position.

But there -- there is a catch. The catch is if they want us to essentially waive the right to show the Court what the numbers are in -- a part of the class certification proceedings, right, in other words, that we -- we can sort of bring it up now that we're -- procedurally at the time we're filing our reply. And, so, we don't think that's

right for multiple reasons.

THE COURT: All right. Thank you. And, as to the proposed compromise on the Plaintiffs' side, with the annual data limited to certain years, what are the years under your proposed compromise that you will be seeking?

MR. HELLER: The years that we were proposing would be the same for the sort of limited numerator data they've provided so far, which is 2016 through 2021. But for the -- as I mentioned, for the denominator, they're saying they don't have it for 2016 through 2019.

THE COURT: All right. Thank you. Let me get Google.

MS. FORDERER: So, I -- Mr. Heller correctly stated the status of our -- of our conversations. We had discussed potentially a compromise that would have resolved this issue prior to the hearing. However, because we were not able to reach a compromise, it is still Google's position that the arguments that were made in the briefs apply, that Google is not obligated to provide this information at all. Of course, we're always looking to compromise. However, it is very important for us to be assured that we won't be sort of sandbagged on -- in their reply brief with this data, and we don't think there's any justification given -- at this point for them to raise this argument and provide new data with their reply brief. And,

so, that has been somewhat of a sticking point between us in terms of our ability to resolve this dispute, in addition to the other points raised in the -- in the motion.

THE COURT: All right. Thank you.

Here's my ruling on the first procedural issue, which is is this too many requests by the Plaintiffs side or is there good cause to have another request. And my ruling is I find good cause to entertain this request. Without setting some exemplar for other cases, it's -- it's one request. I find good cause, and I find that it relates to the issues in the case. So, it's -- it's real, and I'm going to allow the conversation about it. That doesn't mean I'm granting the ultimate relief, but we're going to have the conversation about it.

And the remaining question is is it proportional to the needs of the case, and that's a -- it's a balancing test, a balancing test that you can -- you have and could continue to negotiate about to find some middle ground.

And my ask of you is to spend a few more minutes seeing if you can find some middle ground. You have discussed them already, and if you can't find middle ground, I'll rule as soon as I finish my Zoom hearings.

The further guidance is as to the use of whatever's provided, one of the things you're talking about is a -- you know, the use in briefing to the District Court Judge.

Ultimately that -- that's a question that could go to this Court judge as to what the judge is going to allow and whether there should be, you know, an extension of briefing or a response if there's something you want to reply. There are some things which are outside my control. So, I'm not sure that I would impose some limit on the District Court Judge's consideration of some evidence, which really seems like a question that should go more to the District Court Judge. But I just throw that out there as far as your reaction to one of the deal points. And I'll ask you to confer for another 20 minutes to see if you can work out a proportional compromise. And, if not, I'll hear your further arguments as to why I should grant one or the other position.

So, thanks very much.

MR. HELLER: Certainly.

MS. FORDERER: Thank you.

THE COURT: We're off the record as to the first in-person hearing.

(Proceedings recessed briefly.)

THE CLERK: Back on the record, your Honor

MR. HELLER: So, I think we have a deal.

THE COURT: Great. What's the deal?

MR. HELLER: The deal -- and correct me if I get any of this wrong -- for the numerator data or the upgrades

data, they are going to provide the annual figures from 2016 to 2021 broken out by U.S. and non-U.S. I guess by -- everything that's not U.S. I guess is non-U.S. And for the denominator data, for a day of our choice in 2020 and a day of our choice in 2021, they'll provide those figures, the active user -- the active accounts data broken out by total and U.S.

The -- the data will all be provided by one week from today, so April the 9th. And verifications will follow one week later, April the 16th.

Is that right?

MS. FORDERER: Yes. My only clarifying points would be that the day of your choice in 2020 has to be after August 26, which I think we understand.

MR. HELLER: Yeah.

MS. FORDERER: And then if -- if this is going --

THE COURT: After August 26, 2020?

MS. FORDERER: Yes.

THE COURT: Thank you.

MS. FORDERER: Apologies, your Honor.

And if this is going in an order, I think it would be best if we referred to it as the upgrades data and the active user data as opposed to the numerator and the denominator, because that's not -- that refers to how you are thinking about it and using it and doesn't track to

the --

THE COURT: It is not going on an order. So --

MS. FORDERER: Okay.

THE COURT: -- as long --

MS. FORDERER: Great.

THE COURT: -- as long as you --

MS. FORDERER: Okay. I understand it, but --

THE COURT: The important thing is you understand it.

MS. FORDERER: Perfect. Great. I didn't want to endorse the -- the fraction.

MR. HELLER: One question that I have to clarify.

MS. FORDERER: Yeah.

MR. HELLER: With an active user, we mean accounts with --

MS. FORDERER: Yes.

MR. HELLER: -- open accounts, right?

MS. FORDERER: Yes. So, we're talking about an account that has at least one active user --

MR. HELLER: Right.

MS. FORDERER: -- on the day that we're -- whatever day you tell me.

MR. HELLER: Twenty-eight day criteria?

MS. FORDERER: Yeah.

THE COURT: Okay. We're -- we're on the same

page, your Honor.

MS. FORDERER: Yeah.

THE COURT: Great. And you agree you're on the same page?

MS. FORDERER: I agree we're on the same page.

THE COURT: Very good. All right.

MS. FORDERER: Memorialized via email.

THE COURT: Memorialized via email.

And, Mr. Heller, did I cut -- cut you off or was there any other component to --

MR. HELLER: No.

THE COURT: No?

MR. HELLER: I don't think so.

THE COURT: All right. Thank you. Then I will reflect in our minutes that the parties did work out the remaining discovery dispute on this topic in Docket 154 and that no fees or costs are awarded as part of that, and thank you for having worked it out.

ALL: Thank you, your Honor.

THE COURT: We're in recess. Have a great day.

(Proceedings adjourned at 11:47 a.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Thursday, April 3, 2025